## Case No. 5,942.

### HALL v. PEROTT et al.

[Baldw. 123.]

Circuit. Court, E. D. Pennsylvania. April Term, 1830.

#### PRACTICE—JURY LIST VENIRE.

If a special jury list has been struck by the parties before the marshal, and the list has been lost by him, so that no venire had issued, the court will direct the striking anew from the same list, and a venire to issue returnable ten days thereafter during the term.

[Cited in McDermott v. Hoffman, 70 Pa. St. 49.]

This case was marked for trial by special jury, under a rule for trial or non pros. at the present term, and a list of the special jurors had been made out and regularly struck before the marshal, but was lost by accident before it was returned to the office of the clerk, so that no venire issued. On a copy of the same list of jurors which had been struck being found, Mr. C. J. Ingersoll, for the defendants [Perott and Cabot], moved for and obtained a rule to show cause why the list should not be struck, and a venire issued, returnable during the term. On the argument of the rule:

C. J. Ingersoll, for defendants.

Under the rule for trial, or non pros., the defendants have a right to a trial at this term, unless the plaintiff assigns a legal reason for continuance. The loss of the struck list was an accident by which the court will not permit him to suffer, when a remedy is in their power. By the twenty-ninth section of the judiciary act [of 1789 (1 Stat. 73)], jurors may be returned from time to time as occasion requires. 1 Story, Laws, 63. The thirty-second section gives the court unlimited power to make such amendments, and cures such defects of process as to meet the justice of the case. Here a jury had been struck by both parties, the list whereof the marshal was bound to return to the clerk, for a venire to issue pursuant to the state law providing for special juries, which was adopted by the act of 1802. 2 Story, Laws, 862 [2 Stat. 156]. The act of 1785 gave either party a right to trial by special jury, and ordered those not struck to be summoned. 2 Dall. Laws, 267, § 17. The mode of striking therein prescribed was complied with, which gave the parties a right to have the jurors before the court; no venire is necessary, a summons to the juror is sufficient. 3 Bl. Comm. 353; Troub. & H. Pr. 172, 176. The want of a venire is cured by verdict. Cro. Eliz. 259, 429. Where one is required, a venire facias de novo will be awarded where the former one is defective. Cro. Jac. 670. Defects in the venire are amendable by the statute of jeofails. Tr. P. P. 63, 74; 1 Bac. Abr. 99; Tidd, Prac. 277; Selw. N. P. 432, introd. 68. The only use of a venire is as a writ to the sheriff to summon a jury; but under the state law, the jurors are summoned before the venire issues; it is a mere matter of form; if jurors do not attend, the court may fine them, and may, in all cases where there is no jury, direct a tales,—1 Story, Laws, 64, § 29 [1 Stat. 83],—as well of special jurors as others,—Anonymous [Case No. 443]. It is enough if one juror attend. Cro. Jac. 316. If none attend, a habeas corpora juratorum with a decem tales is awarded. Cro. Eliz. 502. If when the tales is awarded, the panel stands, but is afterwards quashed, the tales may be for the whole jury. 10 Coke, 102b, 104b. In this case some, if not all the jurors do attend, and the court may direct them to serve. A venire, if necessary, may be returnable during the term. The court may adjourn from time to time, till the next term. In England the venire is not of course returnable on any return day, but is at the discretion of the court. So it was held in this court in Lushington v. Smith, the marshal, in 1816, where the venire and return were set aside on motion, and a venire facias de novo directed, returnable during the term. Since the repeal of the eighteenth section of the state law of 1785, the time of striking a jury is a matter to be regulated only by practice, a rule of court, or according to its discretion.

Mr. Lowber and Mr. Chauncey, for plaintiff.

A venire is requisite by the acts of congress, —1 Story, Laws, 63 [1 Stat. 88],—and by the law of the state,—Purd. Dig. 437. The jurors must appear in pursuance thereof, or the court cannot try the cause for the want of jurisdiction; if no juror so appears, there can be no tales awarded, because "non sunt quales." 10 Coke, 104b. Though a defective venire or its defective execution is amendable, there can be no amendment in this case, as there is nothing to amend, and nothing to amend by; there is no precedent for what is now asked. In Lushington v. Smith, there was a venire returned, the jurors attended; when it was set aside, an order was granted for a new one, but it never issued, and as it does not appear that the matter was argued or opposed, it may have been by consent. In case of a special jury the venire issues for the twenty-four not struck off, but here none can issue for the names are not known, nor can the court amend so as to supply what is lost by accident, or put on record a writ which never issued; the variance of one name would be fatal, and the court cannot order the plaintiff to strike; it must be done according to the rules of court. The twenty-ninth section must be construed with reference to the state laws then in force; the word "occasion" refers to the regular session of the court for the trial of issues, not at special sessions to be directed by them. The process act—1 Story, Laws, 257 [1 Stat. 93]—adopts the forms of writs and process used in the states, which the federal courts must follow as a limitation of their powers.

By the laws of the state there are certain return days for all process. 1 Dall. Laws, 171; 3 Dall. Laws, 769. Venires are made

returnable to the first day of the term. 2 Dall. Laws, 262, etc. The seventeenth section, which adopted the English practice then prevailing as to the striking special juries, directs them "to be summoned as aforesaid," which means by a venire so returnable on a general return day. Tidd, Prac. 839. A distringas, or habeas corpus juratorum, never issues for trials at bar; the jury are always called by the appropriate writ, returnable the first day of the term, or on the last return day. 3 Bl. Comm. 353, 354; Tidd, Prac. 836; Salk. 454; 2 Ld. Raym. 1143. As there is no act of congress to authorize the court to make special return days, they must be governed by the practice prevailing in 1789,—Craig's Case [Case No. 3,325],—and cannot direct special returns of jury process,—[U. S. v. Hamilton] 3 Dall. [3 U. S.] 17, 18 [U. S. v. The Insurgents] Id. 513. Whenever the law refers to a return of process, it means the general return days. When the venire goes, the party has a right of trial by jurors not expunged at the striking according to the rule; the court can enforce no other mode than what it has prescribed; of course there can be no new striking during the term. The old state practice was to have a venire in each case; now a general venire issues, but the forms are the same; they are returnable on the general return day. Gray. Forms, 314, 315. It is a writ directed to the sheriff before the term, which the court cannot direct to be filed as a matter of form, as a fieri facias to ground a testatum,—[Ewing v. McNair] 2 Dall. [2 U. S.] 269,—or a venire to ground a distringas,—4 Yeates, 185. The common law gives no discretion to the court to make special returns; nor does the twenty-ninth section, which gives a discretion only as to the place whence the jury shall come, in order to secure an impartial trial. The application now made is in effect to ask the court to appoint a special session for the trial of the cause, which the court cannot do; this power is applied to criminal cases only. 1 Story, Laws, 54, 55 [1 Stat. 74].

The opinion of the court was delivered by BALDWIN, Circuit Justice.

By the twenty-ninth section of the judiciary act, jurors in all cases to serve in the courts of the United States, shall be designated and formed according to the laws of the states, so far as is practicable. Special juries were accordingly selected by the clerk till the act of 1802 transferred this power to the marshal, who was directed thereby, "to return special juries in the same manner and form as by the laws of the respective states the said clerks were required to return the same." 2 Story, Laws, 862 [1 Stat. 156]. By this act the whole duties of the clerk in relation to special jurors, were devolved on the marshal, including the return. By the seventeenth section of the jury law of this state, passed in 1785, either party in a civil suit might enter a rule for trial by special jury, to be struck before the clerk of the court, "in such manner as special juries have heretofore been struck, which jury so struck shall be summoned in manner aforesaid, and shall attend and serve under such penalties," &c. By a proviso in the eighteenth section it was required that the jury should be struck thirty days before the return day of the process for summoning them; the service of a copy of the rule for a special jury, and a copy of the list of jurors, and notice to attend the striking, was also directed. 2 Dall. Laws, 267, 268. This section was repealed by the act of March, 1789; Id. 691. By the same law the right of a defendant to a special jury in the supreme court or at nisi prius, was confined to cases where the title to real estate was in question, or an affidavit of defence filed. The seventeenth section of the act of 1785 is therefore no longer controlled by the proviso, and furnishes the rule by which special juries were to be designated and formed at the passage of the judiciary act; it also remains the rule under the act of 1802, as no state law intervened. The state law of 1805, relating to juries, is a process act, not binding on the federal courts, unless it has been adopted by a rule of court. [Wayman v. Southard] 10 Wheat. [23 U. S.] 20, 51, etc. The rule of this court is silent on this subject; we must therefore be governed by the law of 1785. They are to be struck as they have "heretofore been struck," that is, according to the English practice and the statutes (3 Geo. II.; 6 Ruffh. St. 25, etc.; 24 Geo. II.; 7 Ruffh. St. 327), except so far as it is altered by the repealing act of 1789. In the common pleas, a rule for trial by special jury was of course. Barnes, Notes Cas. 449, 61, 88; 5 Durn. & E. [5 Term R.] 464. Now it is discretionary. 4 Taunt. 471. In the king's bench, it was discretionary, on cause shown. Style, 477; 8 Mod. 248; 2 Ld. Raym. 1364; And. 52; 2 Lil. Reg. 154, 155; Complete Juryman, 66. It could be entered at the term at which a cause was for trial at the sittings, if entered before the return of the venire facias. Barnes, Notes Cas. 488; Tidd. Prac. 844–846. The facility of attaining the rule, and the delay attending it led to a rule of the king's bench in 1808, and the common pleas in 1812, limiting the time within which it should be applied for. 10 East, 1; 4 Taunt. 600. In this state the right was restricted by the act of 1789. If the eighth section of St. 3 Geo. II., prescribing the mode of summoning juries, special juries are excepted. 6 Ruffh. St. 27. So that the method of proceeding by special juries is in no respect altered. 5 Durn. & E. [5 Term R.] 463, cited. The same exception is made in the act of 1785, §§ 4–6; 2 Dall. Laws, 263. The seventeenth section merely directs that the jury "shall be summoned as aforesaid;" which, by the eighth section, is directed to be ten days before the return of the writ or process. The twentieth section authorizes the imposition of a fine for non attendance.

A venire is but as a summons to the jury.

Dalt. Sher. 160. Where for a special jury it is a special writ (2 Lil. Reg. 779), returnable at the discretion of the court (2 Tidd, Prac. 844). No time is fixed for the service of the summons; in Sayer, 31, Foster, J., thought it ought to be six days; it must be a sufficient time to allow them to appear at the trial. Id. The court may direct a trial in term time. 4 Taunt. 471. The repeal of the eighteenth section of the act of 1785 has removed the restriction as to the time of striking a special jury. By the twenty-ninth section of the judiciary act, juries may be "returned as there may be occasion for them, from time to time;" and the court may award tales to supply the defect of jurors. This act has been held to apply to special jurors in this court. Anonymous [Case No. 443]. The same construction has been put on the act of 1785 by the courts of the state. 2 Yeates, 133; 4 Yeates, 236. There is nothing therefore to control the discretion of this court; the mode and time of striking, and the return of the venire, are matters of practice regulated by rules; the rule of this court directs that no venire shall issue unless the jury is struck ten days before the return, and the handing the jury list to the clerk at the proper time, entitles either party to have a venire for the names not expunged.

In this case the jury was regularly struck. It was the duty of the marshal by the act of 1802 to summon and return the jurors not expunged; a venire was a matter of course by the common law, and of right by our rule; the defendants had a right of trial at this term under their rule to try, or non pros. They will be deprived of it by an accident, for which they are not responsible, if we refuse to make the rule absolute. We cannot doubt our power or the justice of its exercise; a copy of the general list is found and proved to contain the same names as in the list which was struck. No injustice is done the plaintiff by directing a new striking, on reasonable notice; and our rules are complied with by directing a venire to issue returnable ten days thereafter. Rule made absolute.